IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:19CR276** |
| v. | |
| KAYLYNN WHITEBEAR, | **ORDER** |
| Defendant. | |

This matter is before the Court on defendant Kaylynn Whitebear's ("Whitebear") Appeal of Magistrate's Order of Detention (Filing No. 36) filed pursuant to 18 U.S.C. § 3145(b). For the reasons stated below, Whitebear's request that the Court revoke the magistrate judge's[1] detention order (Filing No. 26) is denied.

## I.  BACKGROUND

Whitebear faces serious charges. On August 21, 2019, a grand jury charged her in a four-count Indictment (Filing No. 1) with two counts of assault with a dangerous weapon (a firearm) with intent to do bodily harm on or about May 6, 2018, in violation of 18 U.S.C. §§ 113(a)(3), 1153, and 2. The Indictment further charged her with one count of knowingly using, carrying, and discharging a firearm during and in relation to the first charged assault, and with one count of knowingly using, carrying, and brandishing a firearm during and in relation to the second charged assault, all in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

In short, the government alleges Whitebear fired shots at a vehicle occupied by several people, including two juveniles, and later fired shots at a home occupied by another person and waved the gun in that person's face while demanding information.

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

On September 3, 2019, Whitebear initially appeared before the magistrate judge and was arraigned on the charges. With the assistance of appointed counsel, Whitebear pled not guilty to all four counts and sought her release pending trial despite the recommendation (Filing No. 9) from a pretrial-services officer that she be detained because there was "no condition or combination of conditions that w[ould] reasonably assure the appearance of [Whitebear] as required and the safety of the community." *See* 18 U.S.C. § 3142(e)(1) (requiring detention in those circumstances).

The government acknowledged the risks and the seriousness of the charges but did not oppose Whitebear's conditional release at that time only because Whitebear was pregnant and past her due date. Rightly concerned for public safety, the magistrate judge remained reluctant to release Whitebear, particularly in light of the rebuttable presumption of detention that applied to the firearms charges. *See id.* § 3142(e)(3)(B) and (f)(1). The magistrate judge also noted Whitebear's criminal record and history of failing to appear as well as the fact that the magistrate judge denied release to Whitebear's co-defendant who allegedly played a lesser role in the charged offenses.

Nonetheless, to accommodate Whitebear's unique situation, the magistrate judge agreed to continue the matter and conditionally release Whitebear on bond to reside with her mother pending a detention hearing scheduled for September 17, 2019. The magistrate judge specifically advised Whitebear that based on the information then available, Whitebear should be prepared for the strong possibility that she would be detained following the detention hearing.

Whitebear gave birth on September 7, 2019. Ten days later, the magistrate judge held the detention hearing as scheduled. In a Release Status Report (Filing No. 24), Whitebear's pretrial-services officer noted Whitebear had complied with the conditions of her release but recommended Whitebear "be detained as a danger." The government sought detention on that ground and the risk that Whitebear would not appear. Whitebear asked to remain on release subject to the same conditions previously imposed.

Noting the fact that Whitebear had a baby did not rebut the presumption of detention, the magistrate judge denied release for multiple reasons, including the presumption, the seriousness of the charges, the alleged facts of the case, Whitebear's history, and her potential sentence. The magistrate judge found the government had shown Whitebear presented a danger to the public and a flight risk and that "no single condition or combination of conditions" could reasonably mitigate those concerns.

On September 29, 2019, Whitebear objected to the magistrate judge's detention order. To date, the government has not filed a response. *See United States v. Cantu*, 935 F.2d 950, 951 (8th Cir. 1991) (per curiam) (reviewing a challenge to a detention order without briefing pursuant to Federal Rule of Appellate Procedure 9(a)(2)).

## II.    DISCUSSION

Section 3145(b) authorizes a person "ordered detained by a magistrate judge" to move the district court to amend or revoke the order. The district court, then, must review de novo the magistrate judge's detention order and promptly determine the matter. *See id.*; *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc) (describing the required review process).

As noted above, the Court must order Whitebear detained if it "finds that no condition or combination of conditions will reasonably assure [her] appearance . . . as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Whitebear acknowledges she is subject to a statutory rebuttable presumption in favor of detention under § 3142(e)(3)(B) because there is probable cause to believe she committed a firearms offense under 18 U.S.C. § 924(c). If Whitebear rebuts that presumption with evidence that she "does not pose a danger to the community or a risk of flight," the presumption "does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

In determining whether to detain or release Whitebear, the Court also considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See id.* § 3142(g); *see also Abad*, 350 F.3d at 797 (applying these factors).

In this case, Whitebear argues the magistrate judge's detention order should be revoked because "[t]here is basically no provision allowing the Court to order a Defendant's release (with no objection from the attorney for the Government) and then order the Defendant's detention at a continued detention hearing without any intervening material fact unknown to the Court at the time of the Defendant's release."[2] As

---

[2]To the extent Whitebear raises some sort of procedural complaint about the magistrate judge's decision to continue the detention hearing and conditionally release Whitebear to allow her to have her baby outside of federal custody despite the magistrate judge's reasonable determination that the facts of this case likely warranted detaining Whitebear on September 3, 2019, Whitebear fails to explain how any such complaint affects this Court's de novo review of this issue. *See Maull*, 773 F.2d at 1481-82.

Whitebear sees it, the magistrate judge's order releasing her to have her baby and Whitebear's apparent compliance with the conditions of her release during the two-week continuance of the detention hearing rebut the finding that no condition or set of conditions could reasonably assure Whitebear's appearance and public safety. The Court does not share that view.

Having conducted a careful de novo review of the record, the Court finds no fault in the magistrate judge's analysis of the relevant factors and conclusion that the circumstances of this case warrant detaining Whitebear pending trial. Put simply, the Court is unable to find on this record that Whitebear's two weeks on conditional release to allow her to give birth rebut the statutory presumption in favor of detention. What's more, even if Whitebear could rebut the presumption, the Court agrees with the magistrate judge—for the reasons stated at the detention hearing and in the detention order—that the government has presented sufficient evidence that "no condition or combination of conditions will reasonably assure [Whitebear's] appearance . . . as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

Based on the foregoing,

IT IS ORDERED.

1. Defendant Kaylynn Whitebear's Appeal of Magistrate's Order of Detention (Filing No. 36) is denied.

2. The magistrate judge's Order of Detention Pending Trial (Filing No. 26) is affirmed.

Dated this 3rd day of October 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge