IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>KAYLYNN WHITEBEAR<br><br>Defendant. | 8:19CR276<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on Defendant Kaylynn Whitebear's ("Whitebear") Motion to Sever ([Filing No. 40](#)). Whitebear requests that the Court sever her trial from that of her co-defendant, Jacobi Grant ("Grant"). A hearing was held regarding the motion on November 12, 2019. A transcript has been filed and this matter is now ripe for disposition.

For the reasons explained below, it will be recommended that the Motion to Sever be denied.

## FACTS

The indictment alleges that on or about May 6, 2018, Whitebear, aided and abetted by Grant, committed assault with a dangerous weapon by discharging a gun at a vehicle occupied by several juveniles within the boundaries of the Omaha National Indian Reservation in violation of 18 U.S.C. §§ 113(a)(3), 1153, and 2. In relation to that event, the indictment also alleges that Whitebear knowingly used, carried, and discharged a firearm (a revolver), during in relation to a crime of violence, to wit: assault with intent with a dangerous weapon in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

The indictment further alleges that on May 6, 2018, within the boundaries of the Omaha Nation Indian Reservation, Whitebear, aided and abetted by Grant, assaulted another individual with a dangerous weapon by discharging a gun at that individual's home and brandishing a gun in that individual's face in violation of 18 U.S.C. §§ 113(a)(3), 1153, and 2. In connection with that event, the indictment charges that Whitebear, aided and abetted by Grant, knowingly used, carried, and brandished a firearm (a revolver) during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2.

Prior to these charges being filed, Special Agent Stephen Friend ("Agent Friend") with the Federal Bureau of Investigation ("FBI") interviewed Grant's brother, Diondre Dale ("Dale"), regarding the events underlying the charges. The interview was recorded, but the recording is poor and partially inaudible. (Filing No. 46, Attachment.) It appears from the recorded interview that Dale informed Agent Friend that Dale spoke to Grant from inside their respective vehicles. According to Dale, Grant told him that Whitebear had a gun in her car and waived the weapon, and that the two of them entered the house belonging to the individual referenced to in the indictment. Dale said that Grant told him that Grant and Whitebear stashed the gun, which was a revolver. Although there was some confusion at the hearing regarding the issue due to the quality of the recording, it appears that Whitebear was in Grant's vehicle at the time this conversation took place. It is unclear whether Whitebear heard the conversation between Dale and Grant.

## DISCUSSION

Under Federal Rule of Criminal Procedure 8(b), an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). However, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise

2

a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. A defendant seeking severance "must show real prejudice, that is, something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." *United States v. Mickelson*, 378 F.3d 810, 817-18 (8th Cir. 2004) (internal quotation omitted). "A defendant can show real prejudice either by showing that [her] defense is irreconcilable with the defense of [her] codefendant or codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." *United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995) (quotation omitted).

Whitebear anticipates that the government will present evidence that Grant made admissions to Dale that implicate Grant and Whitebear. Whitebear contends that Dale's statements would be admissible against Grant under the Federal Rule of Evidence 801(d)(2)(A) hearsay exception as an admission by a party-opponent. *See* Fed. R. Evid. 801(d)(2)(A) (providing that a statement is not hearsay if it is "offered against an opposing party and . . . was made by the party in an individual or representative capacity"). Whitebear argues that she will sustain real prejudice unless the trials are severed because the jury will be unable to compartmentalize the evidence. Whitebear further argues that a limiting instruction to the jury not to consider Dale's statements against her or redaction of the statements would be insufficient to protect her right to a fair trial. She contends that Dale's statement is of such a nature that even if it was redacted, the jury would still know Dale was referring to her. *See United States v. Ortiz*, 315 F.3d 873, 899 (8th Cir. 2002) (recognizing that redaction must "avoid either facially implicating or leading the jury directly to non-testifying co-defendants").

The government argues that Grant's statements to Dale are admissible against Whitebear under Federal Rule of Evidence 801(d)(2)(B). Rule 801(d)(2)(B) provides an exception for statements offered against an opposing party and is one the party manifested that it adopted or believed to be true. Fed. R. Evid. 801(d)(2)(B). Whitebear contends, however, that because Dale did not indicate in his interview that Whitebear heard the conversation between Grant and Dale or

that Whitebear confirmed her involvement, the hearsay exception found in Federal Rule of Evidence 801(d)(2)(B) would be inapplicable.[1]

The government contends that even if the hearsay exception set forth in Federal Rule of Evidence 801(d)(2)(B) does not apply to Whitebear, Dale's statements would nevertheless come in against her under Federal Rule of Evidence 801(d)(2)(E). Rule 801(d)(2)(E) provides a statement is not hearsay if it is offered against an opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Whitebear argues that this exception does not apply because the indictment does not charge a conspiracy, but rather alleges that Grant aided and abetted Whitebear.

The Eighth Circuit has recognized, however, that "a defendant need not be charged with the crime of conspiracy to invoke the coconspirator exception." United States v. Kiefer, 694 F.2d 1109, 1112 n.2 (8th Cir. 1982). See also United States v. Miller, 644 F.2d 1241, 1244 n.5 (8th Cir. 1981) ("The term conspiracy as used in Rule 801(d)(2)(E) is distinct from the substantive law concept. Thus, it is well established that the crime of conspiracy need not be charged in order to invoke the conspirator exception."). An "out-of-court statement is not hearsay and is admissible if on the independent evidence the district court is satisfied that it is more likely than not that the statement was made during the course and in furtherance of an illegal association to which the declarant and the defendant were parties." United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978). "Out-of-court statements by a coconspirator are admissible if the government demonstrates to the trial judge by a preponderance of independent evidence that a conspiracy existed, that the defendant and the declarant were members of the conspiracy, and that the declarations were made during the course and in furtherance of the conspiracy." Kiefer, 694 F.2d at 1112.

The undersigned finds that severance is unnecessary. At this point, the evidence is unclear whether Whitebear heard the conversation between Dale and Grant or whether she confirmed her involvement in the events. If Whitebear did, in fact, hear the conversation and did not deny her

---

[1] Whitebear argued in her brief and at the hearing that the hearsay exception would not apply to her because Dale did not indicate that Whitebear was present during the conversation. However, during the hearing, the government was able to pinpoint in the recording where Dale indicated Whitebear was present. Again, the quality of the recording is poor which made it difficult to hear all statements Dale made during the interview.

4

participation, Dale's statements would be admissible against her. Moreover, if the government demonstrates that the statements were made during the course of and in furtherance of an illegal association between Grant and Whitebear, the statements would also be admissible against Whitebear. Therefore, the question of the admissibility of the statements as to Whitebear is an issue that will need to be decided at trial.

Moreover, even if hearsay exceptions are deemed not to apply to Whitebear, the jury will be able to compartmentalize the evidence through a limiting instruction and redaction of the statements to eliminate not only Whitebear's name, but any reference to her existence. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (holding that Confrontation Clause is not violated if "the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence"); *United States v. Edwards,* 159 F.3d 1117, 1126 (8th Cir. 1998) (finding confrontation rights of nontestifying defendants were not violated when statements were redacted by using pronouns and accompanied by a limiting instruction). "This does not appear to be a complex case or one in which a jury is likely to be confused and incapable of properly compartmentalizing the evidence." *United States v. Collins*, 240 F. Supp.2d 1078, 1081 (D.S.D. 2002).

Additionally, the government intends to offer evidence beyond Dale's statement. The government represents that it will offer testimony from several other witnesses who will purportedly testify that Whitebear was the individual who possessed and fired the gun. Given this additional evidence, it is doubtful that Whitebear will suffer any real prejudice through a joint trial.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert Rossiter, Jr. that the Motion to Sever (Filing No. 40) be denied.

Dated this 23rd day of December, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

5

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.