IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:19CR276 |
| v. | |
| KAYLYNN WHITEBEAR and JACOBIE GRANT, | MEMORANDUM AND ORDER |
| Defendants. | |

Defendant Kaylynn Whitebear ("Whitebear") is charged (Filing No. 1) with two counts of assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 113(a)(3), 1153, and 2, and two counts of unlawful use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (iii). Her codefendant, Jacobie Grant ("Grant"), is charged in the same Indictment with aiding and abetting those alleged crimes. *United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004) ("Two or more defendants may be charged in the same indictment if they allegedly participated in the same offense.") (citing Fed. R. Crim. P. 8(b)).

The government intends to try Whitebear and Grant together. That is the norm. *Id.* ("Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial, as it 'gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" (quoting *United States v. Darden*, 70 F.3d 1507, 1528 (8th Cir. 1995))); *United States v. Lee*, 374 F.3d 637, 646 (8th Cir. 2004) ("Joint trials of defendants indicted together are generally conducted because they promote efficiency and the interests of justice."). The Court can, however, sever the trials under Federal Rule of Criminal Procedure 14(a) if it appears that a defendant will suffer "compelling or severe prejudice" in a joint trial. *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014).

"Prejudice is 'some appreciable chance that defendants would not have been convicted had the separate trial they wanted been granted.'" *Id.* (quoting *United States v. Sandstrom*, 594 F.3d 634, 642 (8th Cir. 2010)). "Severance is not required merely because evidence which is admissible only against some defendants may be damaging to others." *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996).

On October 7, 2019, Whitebear moved (Filing No. 40) to sever her trial from Grant's based on incriminating statements Grant allegedly made to his brother, Diondre Dale ("Dale"), about Grant and Whitebear's actions on the date of the alleged assaults. In Whitebear's view, "[a] joint trial would prejudice [her] such that a separate trial should be ordered under" Rule 14(a) because Grant's statements to Dale could be admissible against Grant "as an exception to the Hearsay Rule pursuant to [Federal Rule of Evidence] 801(d)" but would not be admissible against Whitebear in a separate trial.

"To demonstrate the severe or compelling prejudice necessary to" justify severance, Whitebear must show that her defense is irreconcilable with Grant's or that the jury will be "'unable to compartmentalize the evidence.'" *United States v. Basile*, 109 F.3d 1304, 1310 (8th Cir. 1997) (quoting *United States v. Bordeaux*, 84 F.3d 1544, 1547 (8th Cir. 1996)). Her burden is heavy. *See United States v. Hawkins*, 796 F.3d 843, 861 (8th Cir. 2015). "Only in an unusual case will the prejudice resulting from a joint trial be substantial enough to outweigh the general efficiency of joinder." *United States v. Al-Esawi*, 560 F.3d 888, 891 (8th Cir. 2009).

The Court referred Whitebear's motion to sever to the magistrate judge[1] for determination. *See* 28 U.S.C. § 636(b)(1) (authorizing the Court to "designate a magistrate judge to hear and determine" most nondispositive pretrial motions); Fed. R. Crim. P. 59(a) ("A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense."). The magistrate judge held an

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

evidentiary hearing on November 12, 2019, at which Whitebear maintained Grant's statements to Dale were not admissible against her and a jury would not be able to compartmentalize the evidence against the two defendants.[2]

The government challenged both contentions. Still unsure whether Dale would be called to testify, the government asked the magistrate judge to (1) assume for the purposes of argument that he would and (2) conclude his testimony was admissible against both defendants under Federal Rule of Evidence 801(d)(2). The government also questioned what it called Whitebear's "pure speculation" of prejudice, arguing any issues with Grant's statements to Dale can be adequately addressed at trial, including by giving appropriate jury instructions.

After hearing the arguments, the magistrate judge issued a Findings and Recommendation (Filing No. 55) recommending the Court deny the motion because "severance is unnecessary." In reaching that conclusion, she stated that although Whitebear contended that Dale's statement did not indicate whether Whitebear was there, the government was able during the hearing "to pinpoint in the recording where Dale indicated Whitebear was present." Aptly noting that issues of admissibility "will need to be decided at trial," the magistrate judge determined that even if Grant's statement are found inadmissible against Whitebear, the jury would "be able to compartmentalize the evidence through a limiting instruction and redaction of the statements to eliminate not only Whitebear's name, but any reference to her existence." Given the absence of any real prejudice to Whitebear resulting from a joint trial, the magistrate judge recommends denying he motion to sever.

---

[2]At the hearing, Whitebear stated she was not raising any issue based on *Bruton v. United States*, 391 U.S. 123 (1968), instead couching her arguments in the hearsay rules and relying on *State v. Williams*, 430 S.E.2d 888 (N.C. 1993). In her objections and supporting brief (Filing Nos. 57 and 58), she seems to abandon that position, discussing *Bruton* at length and arguing that "the caselaw set out in *Bruton* controls."

Whitebear raises two objections to the magistrate judge's findings.[3] Neither persuades the Court to reject the magistrate judge's sound recommendation to deny severance at this time. First, Whitebear "objects to the factual finding that [she] was in co-defendant Grant's vehicle at the time that an alleged conversation took place between Grant and" Dale. But it is not clear on this record that the magistrate made any formal, proposed finding on that issue much less one that appreciably affects the severance question at this point. To the contrary, the magistrate judge expressly noted that issues related to admissibility of Grant's statement—if offered—will have to wait for trial. To the extent the magistrate judge made any such finding for the purpose of analyzing Whitebear's severance motion, Whitebear has not adduced any evidence to show the finding was unfounded or wrong. The only evidence in the record on that issue so far is Dale's uncontradicted statement that Whitebear was there.

Whitebear next objects to the magistrate judge's "finding that the jury will be able to compartmentalize the evidence through a limiting instruction." Her second objection fares no better than her first.

"In assessing the jury's ability to compartmentalize the evidence against joint defendants," the Court considers a range of factors, including "the complexity of the case" and the likelihood that proper "jury instructions and admonitions" can adequately address the risk of prejudice. *United States v. Ghant*, 339 F.3d 660, 666 (8th Cir. 2003). "The Supreme Court has made it clear that the risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." *Delpit*, 94 F.3d at 1144 (citing *Zafiro v. United States*, 506 U.S. 534, 540-41 (1993)).

---

[3]Although Whitebear's motion to sever is not dispositive, *see*, *e.g.*, Fed. R. Crim. P. 59(a); *United States v. Bruck*, 152 F.3d 40, 43 (1st Cir. 1998), the magistrate issued a Findings and Recommendation rather than rule on the motion. Accordingly, the Court has reviewed Whitebear's objections de novo. *See* 28 U.S.C. § 636(b)(1) (requiring the Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Crim. P. 59(b)(3) (similar).

4

Here, the case is not complex, and at this point, Whitebear has not provided any compelling reason to think that (1) "careful and thorough jury instructions," *id.*, will necessarily fail to cure any risk of prejudice should Grant's statement be offered and admitted or (2) hers is the "unusual case" in which the real prejudice she would suffer in a joint trial, if any, would be so severe or substantial as "to outweigh the general efficiency of joinder," *Al-Esawi*, 560 F.3d at 891. If any developments at trial materially shift the landscape, Whitebear is free to timely raise the issue again.

For the foregoing reasons,

IT IS ORDERED:
1. Defendant Kaylynn Whitebear's objections (Filing No. 57) to the magistrate judge's findings are overruled.
2. The Findings and Recommendations (Filing No. 55) are accepted.
3. Whitebear's Motion to Sever (Filing No. 40) is denied without prejudice to timely reassertion at trial.

Dated this 3rd day of February 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge